IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-mj-01093-KMT

UNITED STATES OF AMERICA

      Plaintiff,

v.

CHRISTINE NICOLE PAVLOCK

      Defendant.

## ORDER OF DETENTION

      THIS MATTER came before the Court for a detention hearing on June 18, 2013. Present were the following: Marty Paluch, Assistant United States Attorney, Brian Leedy, counsel for the defendant, and the defendant. The Court carefully considered the entire court file and the comments of counsel.

      The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

      IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 18th day of June, 2013.

          By the Court:

          s/Craig B. Shaffer
          Craig B. Shaffer
          United States Magistrate Judge

United States v. Christine Nicole Pavlock
Case Number 13-mj-01093-KMT

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

This matter comes before the court on a Petition for Warrant of Summons for Offender under Supervision and Arrest Warrant filed in the United States District Court for the Southern District of Texas. The Petition alleges that on October 18, 2012, the defendant was placed on probation by the Honorable Gray H. Miller, sitting in the United States District Court for the Southern District of Texas. The defendant was placed on standard conditions of probation, with the special condition that the defendant submit to periodic urine surveillance and/or breath, saliva and skin tests for the detention of drug abuse.

Rule 40(a) of the Federal Rules of Criminal Procedure provides that if a person is arrested for violating conditions of release set in another district, that person shall be taken without unnecessary delay before the nearest federal magistrate judge. That judge must conduct a preliminary hearing if required by Fed. R. Crim. P. 5.1 and must transfer the defendant to the district where the offense was allegedly committed if, *inter alia,*, the magistrate judge finds that the defendant is the same person named in the indictment, information or warrant issued in the district where the offense was allegedly committed. Rule 40(c) further provides that the magistrate judge "may modify any previous release or detention order issued in another district, but must state in writing the reasons for doing so."

During a hearing on June 18, 2013, the defendant knowingly and voluntarily waived her right to have an identity hearing in the District of Colorado, but reserved her right to request an identity hearing upon her return to the Southern District of Texas. Based upon that waiver, the court issued an Order directing the defendant's return to the Southern District of Texas for further proceedings. Also on June 18, 2013, the defendant waived her right to have in the District of Colorado a preliminary hearing under Rule 32.1 of the Federal of Criminal Procedure. The defendant reserved her right to have that preliminary hearing upon her return to the Southern District of Texas.

Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]."

In making my findings of fact, I have taken judicial notice of the information set forth in the Petition and the entire court file. I further note the defendant's decision not to contest detention at this time or to present any evidence bearing on the issue of detention. Weighing all of the information presently before the court, I find that defendant has failed to sustain her burden under Rule 32.1. I specifically note the Petition alleges the defendant possessed and used a controlled substance on or about April 24, 2013 and May 6, 2013. On both of those occasions, the defendant tested positive for amphetamine and marijuana. The Petition further alleges the

defendant failed to follow instructions to report to her supervising office on May 20, 2013, and thereafter assumed absconder status. The defendant also was arrested on February 1, 2013 and charged with the misdemeanor offense of flight/escape. Given the defendant's apparent failure to comply with conditions of probation and her decision not to immediately contest the government's request for detention, I find there is no combination of conditions that I could set that would properly assure the defendant's appearance at further proceedings in this case.